```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
VICTORIA CRUISES, INC.

                    Plaintiff,

        -against-                          **MEMORANDUM AND ORDER**
                                           Case No. 03-CV-3146(FB)(MDG)
CHANGJIANG CRUISE OVERSEAS
TRAVEL CO.; YANGTZE CRUISES, INC.;
and JOHN DOES 1-10,

                    Defendants.
------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
ANN SEELIG, ESQ.
Wu & Kao
747 Third Avenue, 22nd Floor
New York, NY 10017

**BLOCK, Senior District Judge:**

Following the failure of defendant Yangtze Cruises, Inc. ("Yangtze") to appear through counsel, the Court granted plaintiff's motion for default judgment on its trademark infringement claim against Yangtze and referred the matter to the assigned magistrate judge for a determination of the relief to be awarded.[1] On August 20, 2008, Magistrate Judge Go issued a report and recommendation ("R&R") recommending that plaintiff be awarded a total of $7,371,329.25 in damages and that its request for injunctive relief be denied.

The R&R recited that "[o]bjections to the Report and Recommendation must

---

[1] Plaintiff's claims against the remaining defendants have been dismissed without prejudice for failure to perfect service.

be filed . . . by September 8, 2008," and that "[f]ailure to file objections within the time specified waives the right to appeal." R&R at 19. A copy of the R&R was sent electronically to plaintiff's counsel and by overnight mail to Yangtze's last known address. *See id.* To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

Since there is nothing in Magistrate Judge Go's thorough R&R that suggests plain error, the Court adopts it without *de novo* review.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 19, 2008

2